## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
## NORTHERN DIVISION

THOMAS E. FAIR and DONNA K. FAIR,    *

     Plaintiffs,                *     Case No.: 21-2090

v.                               *

TRAVEL CENTERS OF AMERICA, LLC  *
Also and now doing business as TRAVEL
CENTERS OF AMERICA, INC. and also  *
Known as TA OPERATING, LLC t/d/b/a
PETRO STOPPING CENTERS,      *

     Defendant.              *

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant TA Operating LLC ("TA"), incorrectly named as "Travel Centers of America, LLC also and now doing business as Travel Centers of America, Inc. and also known as TA Operating, LLC t/d/b/a Petro Stopping Centers," hereby removes the action entitled *Fair v. Travel Centers of America, LLC,* No. 24-C-21-003437 from the Circuit Court of Baltimore City, Maryland.

In support of removal, TA states as follows:

### STATEMENT OF GROUNDS FOR REMOVAL

**I.**    **Background**

1.    This is the second lawsuit Plaintiffs have filed against TA arising out of an alleged January 1, 2019 slip-and-fall incident occurring at a TA location in Portage, Wisconsin.

2.    Plaintiffs originally filed suit in Philadelphia County, Pennsylvania. TA removed the case without objection to the United States District Court for the Eastern District of

Pennsylvania. *See Thomas E. Fair and Donna K. Fair v. Travel Centers of America, LLC,* No. 2:21-cv-02109, ECF No. 1 (E.D. Pa, May 7, 2021).

3.       Subsequently, TA filed its Motion to Dismiss Plaintiffs' Amended Complaint, or in the alternative, Motion to Transfer Venue based upon lack of personal jurisdiction. *Id.* at ECF No. 4 (May 28, 2021). In response, Plaintiffs dismissed their lawsuit under Fed R. Civ. P. 41. *Id.* at ECF No. 6 (June 11, 2021).

4.       Plaintiffs, who are now continuing to forum shop, have now re-filed their lawsuit against TA regarding this Wisconsin slip-and-fall incident by filing their Complaint in the Circuit Court for Baltimore City, Maryland, on July 30, 2021. (*See* Exhibit A, Complaint)

5.       By filing this Notice, TA does not waive its right to assert any defense or affirmative matter, including, without limitation, the defenses listed in Federal Rule of Civil Procedure 12(b) and any other procedural or substantive defenses available to it under state or federal law.

**Jurisdictional Basis for Removal**

   **A.     The Court Has Diversity Jurisdiction Over This Removed Action
            Pursuant to 28 U.S.C. § 1332.**

1.       Pursuant to 28 U.S.C. § 1332, the United States District Court has jurisdiction over this action because it is between citizens of different states and the amount in controversy is greater than $75,000, exclusive of interest and costs.  Thus, this action could have originally been filed in this Court.

2.       Plaintiffs' nearly identical lawsuit against TA was previously removed to the Eastern District of Pennsylvania without objection before it was dismissed. *See Thomas E. Fair*

*and Donna K. Fair v. Travel Centers of America, LLC,* No. 2:21-cv-02109, ECF No. 1 (E.D. Pa, May 7, 2021).

### i.   Diversity of Citizenship

1.      Plaintiffs allege that Plaintiffs Thomas E. Fair and Donna K. Fair are residents of the Commonwealth of Pennsylvania. (*See* Compl. ¶ 1).

2.      At all relevant times, TA has been, and continues to be, a limited liability company formed under the laws of the state of Delaware, with its principal place of business in Ohio. For purposes of diversity jurisdiction, a limited liability company is a citizen of any state of which a member of the company is a citizen. *Cent. W. Va. Energy Co. v. Mt. State Carbon, Ltd. Liab. Co.*, 636 F.3d 101, 103 (4th Cir. 2011).

3.      The sole member of TA is TravelCenters of America Inc., a Maryland corporation with its principal place of business also in Ohio. Corporations are citizens in the states of their incorporation and their principal place of business. *Id.* at 103. Accordingly, TravelCenters of America Inc. is a citizen of the state of Maryland and Ohio, and because TravelCenters of America Inc. is the sole member of TA, TA is also deemed a citizen of Maryland and Ohio for purposes of diversity jurisdiction. (Effective August 1, 2019, TravelCenters of America LLC converted to TravelCenters of America Inc., a corporation formed under the general laws of the State of Maryland.)

4.      Accordingly, complete diversity of citizenship exists between the parties in satisfaction of 28 U.S.C. § 1332(a).

### ii.   Amount in Controversy

1.      The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied. The amount in controversy in a case where federal jurisdiction is based on diversity of citizenship must exceed $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).  As the Supreme Court has made clear, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *see also* 28 U.S.C. § 1446(c)(2) ("the notice of removal may assert the amount in controversy").  While TA denies that Plaintiffs are entitled to any monetary or other relief, the amount in controversy here is in excess of the jurisdictional minimum.

2.      Plaintiffs allege claims for personal injuries and consortium. While the Complaint simply asserts that the amount in controversy exceed the "amount of compulsory arbitration," the amount in controversy clearly exceeds $75,000.00, notwithstanding the fact that TA denies any liability for Plaintiffs' alleged damages.[1]

3.      Plaintiffs' Complaint alleges that Mr. Fair slipped and fell while on TA's premises in  Portage, Wisconsin. (*See* Compl. at ¶¶ 5-7). The Complaint seeks damages for "past, present, and future medical expenses which have or may in the future exceed applicable legal limits or result in medical liens; past and future wage loss; A worker's compensation lien in the amount of at least $27,537.95; and incidental costs resulting from dealing with said injuries." *See id*. at ¶15.

4.      Furthermore, Plaintiffs assert Mr. Fair suffered "permanent, serious bodily injuries resulting in serious impairment of bodily and intellectual functions which include, but

---

[1] Undersigned counsel is not aware of any compulsory arbitration provision in Maryland for slip and fall cases.

are not limited to, the following: Personal injuries according to proof at Trial, including non-displaced fracture of the right occipital/parietal bone extending to the mastoid temporal bone with punctate associated pneumocephalus; Right mastoid temporal bone fracture with hemorrhage within the right external auditory canal and mastoid air cells; Trace right temporal occipital pneumocephalus; Right occipital scalp contusion; Permanent partial hearing loss caused by a punctured eardrum and profuse bleeding; Vertigo; Temporary right side facial paralysis; Right shoulder injury trauma and bruising, no facture; Mental anguish; Discomfort; Inconvenience; Distress; Loss of life's pleasure; Embarrassment and humiliation; An impairment of health and sense of well being; Permanent cognitive dysfunction; and loss of consortium between husband and wife of 40 years." (*See id*. ¶ 14.) These alleged damages clearly exceed $75,000.

5.      Moreover, in the pre-suit stages, Plaintiffs' counsel made numerous demands well in excess of the $75,000 and continually represented that the amount-in-controversy greatly exceeded $75,000.[2]

6.       The alleged damages Plaintiffs seek here exceed the amount in controversy required by 28 U.S.C. § 1332.

## III.   Procedural Requirements for Removal

1.      TA has not been served at the time of removal.  Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

2.      This action is being removed "to the district court of the United States for the district and division embracing the place where such action is pending" under 28 U.S.C. §

---

[2] While TA does not anticipate that Plaintiffs will contest the amount-in-controversy exceeds $75,000, TA can attach correspondence from Plaintiffs' counsel if needed.

1441(a).  The United States District Court for the District of Maryland, Northern Division includes Baltimore City, Maryland.  *See* 28 U.S.C. § 100(1).

3.      TA is filing written notice of this removal with the Clerk of the Circuit Court of Baltimore City pursuant to 28 U.S.C. § 1446(d).  (*See* Exhibit B, Notice of Filing of Notice of Removal.)  A copy of TA's Notice of Filing of Notice of Removal, together with this Notice of Removal, are being served upon Plaintiffs pursuant to 28 U.S.C. § 1446(d).

4.      TA has not been served to date.  As such, there are no "process, pleadings and orders" to attach pursuant to 28 U.S.C. § 1446.

WHEREFORE, the action filed in the Circuit Court for Baltimore City, Maryland is removed to this Court, no further proceeding shall be had in the Circuit Court for Baltimore City, Maryland.

Dated this 17th day of August  2021.          Respectfully submitted,


                                        */s/ Constantine J. Themelis*
                                        Constantine J. Themelis (Bar No. 27303)
                                        cthemelis@gdldlaw.com
                                        Goodell, DeVries, Leech & Dann, LLP
                                        One South Street, 20th Floor
                                        Baltimore, Maryland 21202
                                        Telephone: 410-783-4042
                                        Fax: 410-783-4040
                                        ***Attorney for Defendant TA Operating LLC
                                        incorrectly named as "Travel Centers of America,
                                        LLC also and now doing business as Travel
                                        Centers of America, Inc. and also known as TA
                                        Operating, LLC t/d/b/a Petro Stopping Centers"***

## <u>CERTIFICATE OF SERVICE</u>

      I HEREBY CERTIFY that on this 17th day of August 2021, a copy of the foregoing was

sent via first class mail, postage prepaid to:

      Randall M. Justice, Esq.
      Savoca Justice, LLC
      Attorney for Plaintiffs
      1525 Oregon Pike, Suite 501
      Lancaster, PA 17603

                                     */s/ Constantine J. Themelis*
                                       Constantine J. Themelis

4851-7498-7254, v. 1