| | |
|---|---|
| THOMAS E. FAIR and DONNA K. FAIR, individually and as husband and wife, 4854 Colebrook Road Hershey, PA 17033 | IN THE CIRCUIT COURT FOR BALTIMORE CITY, MARYLAND |
| Plaintiffs | |
| v. | |
| TRAVEL CENTERS OF AMERICA, LLC also and now doing business as TRAVEL CENTERS OF AMERICA, INC. and also known as TA OPERATING, LLC t/d/b/a PETRO STOPPING CENTERS, 24601 Center Ridge Road, Suite 200 Westlake, OH 44145 | |
| Defendant | CASE NO.: 24-C-21-3437 |

## COMPLAINT AND REQUEST FOR JURY TRIAL

AND NOW, come Plaintiffs, Thomas E. Fair and Donna K. Fair, individually and as husband and wife, by and through their attorneys, Randall M. Justice, Esquire and Savoca Justice, LLC, and file this Complaint, whereof the following is a statement:

1. Plaintiffs are Thomas E. Fair and Donna K. Fair, individually and as husband and wife, adult individuals and citizens of the Commonwealth of Pennsylvania, currently residing at 4854 Colebrook Road, Hershey, Dauphin County, Pennsylvania 17033.

2. The Defendant, Travel Centers of America, LLC also and now doing business as Travel Centers of America, Inc. and also known as TA Operating, LLC t/d/b/a Petro Stopping Centers (hereinafter "TCA/Petro"), is a corporate entity organized, existing, and authorized to do business in and doing business in the State of Maryland, including operating a business located at 5501 O'Donnell Street, Baltimore, Baltimore City, Maryland, 21224 on the time and date of the subject incident on January 1, 2019.

3. Defendant, Travel Centers of America, LLC also and now doing business as

1

Travel Centers of America, Inc. and also known as TA Operating, LLC t/d/b/a Petro Stopping Centers is the largest publicly traded full service truck stop and travel center in the United States and a citizen o the state of Maryland by virtue of being incorporated in Maryland with a corporate office situate at 24601 Center Ridge Road, Suite 200, Westlake, OH 44145.

4. Jurisdiction in this matter is proper as the Defendant was conducting business in and about Baltimore City, Maryland as a corporate entity, and as an active retainer of commercial goods and services on the time and date of the subject incident on January 1, 2019 and the Defendant is a citizen of Maryland, as aforesaid.

## COUNT I-NEGLIGENCE
### Plaintiff Thomas E. Fair v. Defendant

5. On January 1, 2019, at approximately 5:00 p.m., Plaintiff was a patron at Defendant's TCA location at or near Portage, Wisconsin.

6. On the aforesaid date and time, Plaintiff Thomas E. Fair was employed as an over-the-road truck driver with Dutch Valley Food Distributors at which time he entered the subject parking lot to purchase gasoline, rest, when he was caused by the conditions then and there exsisting to slip and fall to the ground upon exiting his vehicle.

7. More specifically, upon exiting his truck, he fell suddenly, violently, and without warning due to previously accumulated and insufficiently maintained or addressed snow, ice, re-freeze, and related conditions on the Defendant TCA/Petro's parking lot, areas for rest and pumping gas, walkways, and paths of ingress and egress, as a result of which Plaintiff Thomas E. Fair sustained various injuries and damages according to proof at trial.

8. At all times relevant herein, the truck stop, store, and premises, including the parking lot, walkways, paths of ingress and egress, and areas for foot traffic and pumping gas

were within the Defendant TCA/Petro's sole and exclusive care, custody, and control, with maintenance and upkeep, including snow and ice treatment and removal to be performed by, and being performed by, persons of Defendant's selection, at Defendant's direction, per Defendant's specifications, and under Defendant's oversight.

9. At all times relevant hereto, said persons were either Defendant's employees or were hired or contracted by Defendant or by persons hired by Defendant to do so. Regardless, at all material times herein, Defendant TCA/Petro owed Plaintiff Thomas E. Fair and other similarly situated business invitees a non-delegable duty of due care as more fully hereinafter set forth.

10. The said damages are in excess of are outside the scope and authority of mandatory arbitration, and a jury trial is hereby demanded.

11. Defendant TCA/Petro by holding out the store/location for public use and inviting customers onto their property to conduct business, owed to Plaintiff Thomas E. Fair and other similarly situated business invitees a duty to maintain the store and surrounding premises, including the parking lot, areas for pumping gas, areas for foot traffic, walkways, and paths of ingress and egress in a safe condition, to warn business invitees of possible dangerous conditions, and to inspect the premises and address dangerous conditions so as to make and keep the same safe.

12. At all times relevant hereto, Defendant in its own respective right and by and through the acts and omissions of its respective employees, agents and/or other chosen actors and/or assigns, as aforesaid, breached its non-delegable duty to keep the premises in a safe, well maintained, nonhazardous condition and failed to warn business invitees of existing dangerous conditions, and were negligent and careless, as follows:

3

    a)    Failing to provide safe and adequate walkways, areas to pump gas, areas for foot traffic, and means of ingress and egress;

    b)    Failing to give warning of the dangerous conditions as described herein or take any other adequate safety precautions to prevent injury to the Plaintiff and/or other similarly situated business invitees;

    c)    Failing to make a reasonable inspection to discover unsafe conditions on the property such us the dangerous condition which caused Plaintiff to fall;

    d)    Failing to correct or remedy the dangerous conditions which caused an unreasonable risk of injury;

    e)    Failing to give warning of the dangerous conditions as described herein and/or to take any other sufficient safety precautions to prevent injury to the Plaintiff and/or other similarly situated business invitees;

    f)    Failing to exercise reasonable care to discover and prevent or correct the perils and dangers to Plaintiff and/or other similarly situated business invitees; and

    g)    Failing to have or adhere to sufficient policies or procedures to prevent the complained of dangerous conditions and resultant harms and losses to the Plaintiff.

13. Said incident was the result of Defendant TCA/Petro's aforesaid negligence and carelessness, and was due in no manner whatsoever to an act or failure to act on the part of Plaintiffs.

14. As a result of Defendant TCA/Petro's aforesaid negligence and carelessness, Plaintiff Thomas E. Fair suffered, is suffering, and in the future will continue to suffer permanent, serious bodily injuries resulting in serious impairment of bodily and intellectual functions which include, but are not limited to, the following:

    a)    Personal injuries according to proof at Trial, including non-displaced fracture of the right occipital/parietal bone extending to the mastoid temporal bone with punctate associated pneumocephalus;

    b)    Right mastoid temporal bone fracture with hemorrhage within the right external auditory canal and mastoid air cells;

    c)    Trace right temporal occipital pneumocephalus;

    d)    Right occipital scalp contusion;

    e)    Permanent partial hearing loss caused by a punctured eardrum and profuse bleeding;

    f)    Vertigo;

    g)    Temporary right side facial paralysis;

    h)    Right shoulder injury trauma and bruising, no fracture;

    i)    Mental anguish;

    j)    Discomfort;

    k)    Inconvenience;

    l)    Distress;

    m)    Loss of life's pleasures;

    n)    Embarrassment and humiliation;

    o)    An impairment of health and sense of well being;

    p)    Permanent cognitive dysfunction; and

    q)    Loss of consortium between husband and wife of 40 years.

15.    As a further result of Defendant TCA/Petro's aforesaid negligence and carelessness, Plaintiff has suffered, are suffering, and in the future will continue to suffer financial injuries which include, but are not limited to, the following:

    a)    Past, present, and future medical expenses which have or may in the future exceed applicable legal limits or result in medical liens;

    b)    Past and future wage loss;

    c)    A worker's compensation lien in the amount of at least $27,537.95; and

d)   Incidental costs resulting from dealing with said injuries;

WHEREFORE, Plaintiff Thomas E. Fair respectfully requests that this Honorable Court enter judgmentin his favor and against the Defendant, Travel Centers of America, LLC t/d/b/a Petro Stopping Centers in an amount in excess of the amount of compulsory arbitration, plus interest and such other and further relief as allowed by law.

## COUNT II - CONSORTIUM
### Plaintiff Donna K. Fair v. Defendant

16.   Paragraphs one (1) through fifteen (15) are hereby incorporated by reference as if set forth fully hereunder.

17.   As a result of As a result of Defendant's aforesaid negligence and recklessness as more fully described in the preceding paragraphs, Plaintiff Donna K. Fair has sustained a loss of her husband's comfort, society, aid, consortium, and services.

WHEREFORE, Plaintiff Donna K. Fair respectfully request that this Honorable Court enter judgmentin her favor and against the Defendant, Travel Centers of America, LLC t/d/b/a Petro Stopping Centers in an amount in excess of the amount of compulsory arbitration, plus interest and such other and further relief as allowed by law.

Respectfully submitted,
SAVOCA JUSTICE, LLC

Dated: 07/30/21

Randall M. Justice, Esquire
Attorney for Plaintiffs
1525 Oregon Pike, Suite 501
Lancaster, PA 17603
(717) 519-0805
randall@savocajustice.com
CPF #: 1406060002

6

## DEMAND FOR JURY TRIAL

Plaintiffs demand a Jury Trial in the above captioned matter.

_____
Randall M. Justice, Esquire
Attorney for Plaintiffs
1525 Oregon Pike, Suite 501
Lancaster, PA 17603
(717) 519-0805
randall@savocajustice.com
CPF #: 1406060002

## CERTIFICATION OF OUT OF STATE COUNSEL

I, Randall M. Justice, Esquire, hereby certify, pursuant to Maryland Code Ann., Cts & Jud. Proc., §1-313, that I have been admitted to practice law in the State of Maryland.

_____
Randall M. Justice, Esquire
Attorney for Plaintiffs
1525 Oregon Pike, Suite 501
Lancaster, PA 17603
(717) 519-0805
randall@savocajustice.com
CPF #: 1406060002