IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THOMAS E FAIR, *et al*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Case No. 1:21-02090-JMC |
| TRAVEL CENTERS OF AMERICA, LLC, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiffs Thomas and Donna Fair bring this case against TA Operating, LLC,[1] alleging negligence and loss of consortium as a result of Thomas Fair's injuries from a slip and fall on Defendant's property in Portage, Wisconsin. (ECF No. 2). Presently before the Court is Defendant's Motion to Transfer the Case to the Western District of Wisconsin. (ECF No. 24). Plaintiffs have filed a response in opposition and Defendant has replied. (ECF Nos. 26, 27). The issues have been fully briefed and no hearing is necessary. Loc. R. 105.6 (D. Md. 2021). For the reasons set forth below, Defendant's motion is GRANTED.

### I. BACKGROUND

Plaintiffs Thomas and Donna fair are a married couple that reside in Hershey, Pennsylvania. (ECF No. 26 at 2). Plaintiff Thomas Fair is a truck driver employed by a food distributor company, and Defendant TA Operating, LLC, owns and operates full-service truck stops in the United States. (Complaint, ECF No. 2 at 2). Defendant is a limited liability company incorporated in Delaware with its principal place of business in Ohio. (ECF Nos. 9 and 24).

---

[1] Defendant submits that the correct name for Defendant is TA Operating, LLC. (ECF Nos. 9 and 24).

TravelCenters of America is the sole member of TA Operating, LLC, and is incorporated in Maryland with its principal place of business in Ohio. *Id.*

On January 1, 2019, Mr. Fair stopped at one of Defendant's truck stops in Portage, Wisconsin, to purchase gasoline. *Id.* Around 5:00pm, Mr. Fair exited his truck on Defendant's property and slipped and fell on snow and freezing ice on the ground. *Id.* As a result of this fall, Mr. Fair allegedly sustained several injuries, including fractures to his head, hearing loss, vertigo, facial paralysis, shoulder injury, mental incapacities, and loss of consortium. (Complaint, ECF No. 2 at 5).

Plaintiffs initially filed their complaint in the Court of Common Pleas of Philadelphia County. (ECF No. 26 at 2). Defendant removed that case to the United States District Court for the Eastern District of Pennsylvania, and Plaintiffs subsequently voluntarily dismissed the case. *Id.*; ECF No. 24 at 2. Following dismissal, Plaintiffs filed a complaint on July 30, 2021, in the Circuit Court for Baltimore City. (ECF No. 24 at 2). Thereafter, Defendant removed the case to this Court on August 17, 2021. (ECF No. 1). Following removal, on December 3, 2021, Defendant filed a motion to dismiss[2] and asserted that Plaintiffs failed to effectuate service of process. (ECF No. 17). Plaintiffs ultimately effectuated service on Defendant and submitted affidavits to the Court proving same. (ECF Nos. 18, 19, 20). Shortly thereafter, on December 30, 2021, Plaintiffs initiated a separate action against Defendant based on these same events in Wisconsin state court. (ECF No. 26 at 2). As a result, Plaintiffs currently have duplicative suits in both this Court and in Wisconsin state court.

On January 18, 2022, Defendant filed a Motion to Transfer the Case to the Western District of Wisconsin. (ECF No. 24). Defendant contends that venue is more appropriate in Wisconsin

---

[2] Defendant's filing was styled as a motion to dismiss, or in the alternative, motion to show cause. Defendant ultimately withdrew that motion and requested permission to file the instant motion instead.

where the incident occurred, relevant witnesses reside, and the third-party company responsible for maintaining the property is located. (ECF No. 24 at 2). Plaintiffs argue that Mr. Fair received medical treatment in Pennsylvania, and therefore Maryland is a more convenient travel destination than Wisconsin for medical providers and Plaintiff's workers' compensation carrier. *Id.* Defendant's reply highlights that there are no case-specific ties to Maryland. (ECF No. 27 at 2).

## II. STANDARD OF REVIEW

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought… ." 28 U.S.C. §1404(a). In determining whether to transfer venue, courts consider four factors: "(1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." *United States ex rel. Flanagan v. Fresenius Med. Care Holdings, Inc.*, No. CV GLR-14-665, 2021 WL 4478704, at *2 (D. Md. Sept. 30, 2021) (quoting *Trustees of the Plumbers & Pipefitters Nat. Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015)). The moving party must show that transfer to another forum is proper by a preponderance of evidence, but the decision is "committed to the sound discretion of the trial court." *Id.* (quoting *Hausfeld v. Love Funding Corp.*, 16 F.Supp.3d 591, 604 (D. Md. 2014)).

## III. ANALYSIS

### a. Plaintiff's Choice of Venue

Ordinarily, a Plaintiff's choice of forum is afforded great deference. *Flanagan*, 2021 WL 4478704, at *3 (quoting *Hausfeld*, 16 F.Supp.3d at 604). However, when the chosen forum is not the plaintiff's home, the plaintiff's choice of venue is given less weight. *Id.* (quoting *Tse v. Apple Comput., Inc.*, No. L-05-2149, 2006 WL 2583608, at *2 (D. Md. Aug. 31, 2006)). Additionally,

the plaintiff's selection is entitled to even less deference when "the central facts of a lawsuit occur outside the forum state." *Id.* (quoting *Ricoh Co. v. Honeywell, Inc.*, 817 F.Supp. 473, 481 (D.N.J. 1993)).

Here, the Plaintiffs' choice of venue is afforded less weight given the facts at hand. Maryland is not the Plaintiffs' home state: Plaintiffs reside in Hershey, Pennsylvania. (ECF No. 26 at 2). The central facts of the lawsuit did not occur in Maryland: Plaintiff Thomas Fair's accident occurred in Portage, Wisconsin. (Complaint, ECF No. 2). As a result, and in accordance with Defendant's contention, Plaintiffs' choice of venue is afforded less deference. Accordingly, this factor tips in favor of transfer.

### b. Witness Convenience and Access

"The convenience of the witnesses is 'perhaps the most important factor' in determining whether a transfer of venue should be granted." *Mamani v. Bustamante*, 547 F. Supp. 2d 465, 473 (D. Md. 2008) (quoting *Cronos Containers Ltd. v. Amazon Lines, Ltd.*, 121 F.Supp.2d 461, 466 (D. Md. 2000)). "Inconvenience of non-party witnesses has more weight than inconvenience of party witnesses, who are presumed willing to travel to another forum." *Topiwala v. Wessell*, No. CIV. WDQ-11-0543, 2012 WL 122411, at *7 (D. Md. Jan. 12, 2012) (citing *Atl. City Assocs. No. 2, LLC v. Reale*, No. CCB–11–0078, 2011 WL 1769842, at *3 (D.Md. May 9, 2011)). This Court has found that where there are no witnesses located in the district, this factor tips in favor of venue transfer. *See Tse*, 2006 WL 2583608, at *4 (finding travel to this district inconvenient where the majority of witnesses were located in the proposed venue).

Defendant contends that, because the incident took place in Wisconsin, fact witnesses would not be subject to the jurisdiction of this Court. (ECF No. 24 at 7). Defendant additionally asserts that the site inspection would take place in Wisconsin, the third-party vendor responsible

4

for the snow maintenance is located in Wisconsin, and witnesses that can generally speak to Wisconsin weather are located in Wisconsin. *Id.* In other words, as Defendant's assertions properly highlight, non-party witnesses would be inconvenienced. Plaintiffs retort that the majority of Mr. Fair's medical treatments took place in Pennsylvania, rendering Maryland a more convenient destination than Wisconsin for traveling purposes of such witnesses. (ECF No. 26 at 3). Plaintiffs additionally argue that Plaintiff Thomas Fair's employer, workers' compensation carrier, medical expert, and friends and family all live adjacent to Maryland. *Id.* at 5. Though Maryland may be more convenient for some of Plaintiffs' Pennsylvania-based witnesses, it is clear that no witnesses, both party and non-party, are actually located in Maryland. In fact, many non-party witnesses are located in Wisconsin. The "[i]nconvenience of non-party witnesses has more weight than the inconvenience of party witnesses." *Topiwala*, 2012 WL 122411, at *8. Consequently, this factor favors transfer.

### c. Convenience of the Parties

Transfer of venue is improper where the effect is to merely "shift the inconvenience from one party to another." *Gennari Consulting, Inc. v. Wellington Corp., LLC*, No. CV ELH-19-1851, 2019 WL 6829102, at *9 (D. Md. Dec. 13, 2019) (internal quotations and citations omitted). A defendant must not only show that the original forum is inconvenient, but also that transfer would not substantially inconvenience the plaintiff. *Id.*; *Capitol Payment Sys., Inc. v. Di Donato*, No. CV ELH-16-882, 2017 WL 2242678, at *10 (D. Md. May 23, 2017).

Defendant argues that Wisconsin is more convenient because its employees and incident site are in and around Portage, Wisconsin. (ECF No. 24 at 8). Furthermore, Defendant points to Plaintiffs' initiation of lawsuits in Pennsylvania and Wisconsin to signify Plaintiffs' willingness and ability to travel. *Id.* Plaintiffs argue that Defendant maintains a facility in Maryland (albeit

unrelated to this incident) and that its sole member is incorporated in the state. (ECF No. 26 at 5). Plaintiffs' chief contention is that venue is proper in Maryland as the location allows for an efficient and cost-effective forum to present their case. *Id.*

The Court is satisfied that transfer to Wisconsin would not shift the burden and substantially inconvenience the Plaintiffs. Whether the case is heard in Maryland or Wisconsin, both forums require Plaintiffs and their witnesses to travel. Because travel is necessary in any event, transfer simply does not shift the inconvenience.

### d. Interest of Justice

Interest of justice is "amorphous and somewhat subjective." *Gennari Consulting*, 2019 WL 6829102, at *9. "The Court must weigh the impelling need for efficiency in the administration of our court system against the right of [the plaintiff] to continue the trial in a forum [it chose]." *Id.* (internal quotations and citations omitted). "In determining whether a transfer is in the interest of justice, courts in this circuit have considered 'docket congestion, interest in having local controversies decided at home, knowledge of applicable law, unfairness in burdening forum citizens with jury duty, and interest in avoiding unnecessary conflicts of law.'" *Flanagan*, 2021 WL 4478704, at *6 (quoting *Jaffe v. LSI Corp.*, 874 F.Supp.2d 499, 505 (E.D. Va. 2012)). Importantly, it is "unfair to burden jurors with adjudicating a dispute that has no special connection to this district." *Id.* In addition, a "court's familiarity with the applicable law is another factor to consider in the interest of justice analysis. When state law applies in a diversity case, transfer to a district in the state whose law will govern the claims is favored." *Topiwala*, 2012 WL 122411, at *8 (internal citation omitted). Specific to the case here, "[r]egarding tort claims, Maryland applies the law of the state where the alleged harm occurred ('lex loci delicti')." *Rybas v. Riverview Hotel Corp.*, 21 F. Supp. 3d 548, 560 (D. Md. 2014). Furthermore, "[t]he possibility of consolidating the

action with a pendent suit in the transferee forum is considered under this factor." *Topiwala*, 2012 WL 122411, at *8.

The interest of justice favors transferring this case to the Western District of Wisconsin. The culmination of facts indicate that Wisconsin is a more appropriate forum to adjudicate this case. Simply put, the only tie to the state of Maryland is Defendant's member's incorporation in the state. The operative facts giving rise to the suit occurred in Wisconsin, the site and weather conditions at issue are and were in Wisconsin, and Wisconsin law will govern the case. These facts indicate that it is unfair to burden Maryland jurors to adjudicate a case with no ties to Maryland. The Court additionally considers Plaintiffs' currently-pending case in Wisconsin state court concerning the same incident at issue here. Ultimately, the "impelling need for efficiency in the administration of our court system" outweighs the Plaintiffs' choice of forum. *Gennari Consulting*, 2019 WL 6829102, at *9. Consequently, this case should be transferred to the United States District Court for the Western District of Wisconsin.

## IV.     CONCLUSION

Accordingly, Defendant's Motion to Transfer the Case (ECF No. 24) is GRANTED. A separate Order follows.

February 25, 2022        /s/
Date                     J. Mark Coulson
                         United States Magistrate Judge